IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY FALLON, | No. CIV.S-06-1030 LKK DAD PS |
| | No. CIV.S-06-1292 GEB DAD PS |
| Plaintiff, | No. CIV.S-06-1402 GEB DAD PS |
| | No. CIV.S-06-1492 MCE DAD PS |
| v. | No. CIV.S-06-1494 DFL DAD PS |
| UNITED STATES GOVERNMENT, | <u>ORDER AND</u> |
| Defendant. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | |

Plaintiff, proceeding in these actions pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These proceedings were referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). While the proceedings have not been related or consolidated under the Local Rules, in the interest of judicial economy, the undersigned issues this Order and Findings and Recommendations in each of the above-listed actions.

For each of the above-listed actions, plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

1

§ 1915(a)(1). Accordingly, the requests to proceed in forma pauperis will be granted.

Plaintiff's handwritten complaints in these actions vary from one to three pages in length, excluding exhibits. Each of the complaints names the same defendant, "United States Government," is at least partially illegible and for the most part is unintelligible. In sum, the complaint in No. CIV.S-06-1030 LKK DAD PS refers to Major League Baseball, the use of anesthetics in dentistry and prays for $200 billion in damages; the complaint in No. CIV.S-06-1292 GEB DAD PS appears to be some sort of attestation by plaintiff that he "will not touch ... any woman" in Tuolumne County and prays for $5 trillion; the complaint in No. CIV.S-06-1402 GEB DAD PS apparently seeks the installation of an "underground cemetery system" in Death Valley, California; the complaint in No. CIV.S-06-1492 MCE DAD PS similarly seeks the installation of an "underground freezer cemetery system" at the San Luis Reservoir; and, finally, the complaint in No. CIV.S-06-1494 DFL DAD PS seeks $1 billion in damages arising from plaintiff's interaction with a "county attorney" during unspecified state court proceedings. According to this most recent complaint, "plaintiff has a number of State of California Superior Court cases pending."

In any event, just like the other complaints plaintiff has filed in this court over the last year or so,[1] no basis for federal

---

[1] These other complaints were filed in No. CIV.S-05-0509 MCE DAD PS; No. CIV.S-05-1431 LKK DAD PS; No. CIV.S-05-2132 MCE DAD PS; No. CIV.S-05-2228 MCE DAD PS; and No. CIV.S-06-0416 MCE DAD PS.

2

1  jurisdiction is alleged in these most recent complaints.  Indeed, the
2  undersigned finds that the court lacks subject matter jurisdiction
3  over these actions.  See Bell v. Hood, 327 U.S. 678, 682 (recognizing
4  that a claim is subject to dismissal for want of jurisdiction where
5  it is "wholly insubstantial and frivolous" and "so patently without
6  merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim
7  may be dismissed for lack of jurisdiction where it is "so
8  insubstantial, implausible, foreclosed by prior decisions of this
9  Court or otherwise completely devoid of merit as not to involve a
10 federal controversy within the jurisdiction of the District Court").
11 See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A
12 paid complaint that is 'obviously frivolous' does not confer federal
13 subject matter jurisdiction and may be dismissed sua sponte before
14 service of process.")(citations omitted).  Accordingly, the
15 undersigned will recommend that these actions be dismissed with
16 prejudice for lack of subject matter jurisdiction.  Based on
17 plaintiff's history of filing obviously frivolous actions, granting
18 leave to amend would be futile.
19         Accordingly, IT IS HEREBY ORDERED that:
20     1.  Plaintiff's requests for leave to proceed in forma
21 pauperis in the above-listed actions are granted;
22     2.  Plaintiff is forewarned that the continued filing of
23 obviously frivolous actions over which this court lacks subject
24 matter jurisdiction may result in the imposition of pre-filing
25 sanctions; and
26 /////

3. The Clerk of the Court is directed to file and serve this Order and Findings and Recommendations in each of the above-listed actions.

IT IS HEREBY RECOMMENDED that these matters be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\fallon.various.ifp.f&r

4